**Opinion issued January 13, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00272-CR

————————————

**ROXIE DENISE LANE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 96490-CR**

---

## MEMORANDUM OPINION

This appeal arises from a motor-vehicle collision with a bicyclist that resulted

in the death of the bicyclist. Roxie Denise Lane, the driver of the vehicle, pleaded

guilty to the second-degree felony offense of failure to stop and render aid.[1]  And a jury assessed her punishment at confinement for three years.  Lane appealed.

On appeal, Lane's appointed counsel has filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In his brief, counsel states that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, Lane's counsel informed this Court that he mailed a copy of the motion to withdraw and *Anders* brief to Lane and informed her of her right to access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09.[2]

---

[1]    *See* TEX. TRANSP. CODE § 550.021.

[2]    Subsequently, this Court also notified Lane at her last known address of her right to access the record and file a response, and provided a form motion to access the record. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014).

Lane did not file a pro se response to the *Anders* brief.

The State filed a waiver of its right to file a response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155.  We conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(a).  Attorney Perry Stevens must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform Lane of the result of this appeal and that she may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 & n.6.